U.S. District Court
Wisconsin Eastern

MAY 2 0 2026

FILED
Clerk of Court

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

GREEN BAY DIVISION

BRANDY L. SIMONDS,

Plaintiff,

v.

Case No. 26-CV-896

COMMUNITY FIRST CREDIT UNION,

Defendant.

COMPLAINT AND JURY DEMAND

Plaintiff Brandy L. Simonds ("Plaintiff"), proceeding pro se, alleges the following against Defendant Community First Credit Union ("Defendant" or "CFCU"):

## I. INTRODUCTION

1. This is an action for disability discrimination, failure to accommodate, and retaliation under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., arising from accommodation-related disruption, retaliatory workplace dynamics involving supervisory personnel, and Defendant's alleged failure to

adequately investigate, contextualize, or account for those issues in the termination process.

2. Plaintiff was employed by Defendant from approximately August 2021 until November 20, 2024.

3. During Plaintiff's employment, Defendant was aware that Plaintiff had physical limitations affecting the use of one hand and that Plaintiff relied on assistive workflow tools and accessibility-related computer functions to perform job duties efficiently and safely.

4. Plaintiff requested accommodation in the form of a one-handed keyboard.

5. Plaintiff alleges that Defendant delayed providing the requested accommodation.

6. Plaintiff alleges that after she raised concerns regarding the workplace behavior of a team lead, supervisory personnel began restricting or scrutinizing her already existing workflow supports and accessibility-related methods that she relied upon to successfully perform job duties.

7. Plaintiff further alleges that after the requested accommodation was eventually provided, she informed management that a short adjustment period would be necessary while adapting workflow methods to the new equipment, but the resulting productivity impacts were not meaningfully accounted for.

8. Plaintiff further alleges that the disruption of her accessibility-related workflow supports and computer functions during an accommodation delay, ongoing scrutiny, unaccounted-for adjustment period, and retaliatory workplace dynamics contributed to selectively contextualized performance concerns, which Defendant ultimately relied upon without adequately investigating or accounting for the surrounding circumstances before terminating her employment.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

10. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this district.

## III. PARTIES

11. Plaintiff Brandy L. Simonds is an adult resident of Neenah, Wisconsin.

12. Defendant Community First Credit Union is a Wisconsin employer conducting business within this district.

13. At all relevant times, Defendant employed sufficient employees to qualify as an employer under the ADA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 443-2025-00840, alleging disability discrimination and retaliation.

15. Plaintiff received a Notice of Right to Sue from the EEOC dated February 25, 2026.

16. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## V. FACTUAL ALLEGATIONS

17. Plaintiff began employment with Defendant in approximately August 2021.

18. Plaintiff began working in Defendant's Card Services department in approximately September 2023.

19. Plaintiff has physical impairments affecting hand usage and repetitive typing functions.

20. Management was aware of Plaintiff's physical limitations and her reliance on workflow supports and accessibility-related tools.

21. Plaintiff openly used workflow tools and computer functions, including macros and typing-assistance methods, during employment without prior disciplinary issue.

22. Plaintiff alleges those tools were used to reduce repetitive strain and typing burden associated with her physical limitations. Prior to the disruption of those workflow supports during the accommodation delay, she had a history of successfully performing job duties.

23. Plaintiff alleges that prior to reporting a team leader, she had not previously been subjected to performance-related concerns regarding workflow methods or productivity, and that coworkers routinely utilized workflow methods and office program functions without comparable scrutiny.

24. In March 2024, Plaintiff requested accommodation in the form of a one-handed keyboard.

25. Defendant required medical documentation before providing the requested equipment.

26. Plaintiff acquired and submitted the required medical documentation on July 23, 2024.

27. Defendant provided the requested one-handed keyboard on October 8, 2024.

28. During the accommodation delay, Plaintiff initially continued successfully performing job duties using her existing workflow supports, accessibility-related computer functions, and alternative workflow methods that mitigated her physical limitation.

29. In September 2024, Plaintiff raised concerns regarding the behavior and treatment of her by a team lead within the department.

30. Shortly after Plaintiff raised those concerns, her previously accepted workflow tools and computer functions became the subject of increased scrutiny.

31. Plaintiff alleges that existing workflow supports and accessibility-related computer functions that she had long relied upon were temporarily restricted or revoked during the period in which she was still awaiting the requested accommodation.

32. Plaintiff further alleges that during discussions concerning workflow methods and accessibility-related supports, a team lead made remarks questioning her inability to perform workflow tasks "the same way as everyone else," which she reasonably

understood as reflecting intolerance toward her disability-related workflow methods and accessibility-related adaptations.

33. Plaintiff alleges that the combination of the accommodation delay and the restriction of existing workflow supports negatively impacted her ability to continue performing work efficiently and safely.

34. Plaintiff alleges that management failed to adequately account for this operational and productivity impact caused by the disruption of her existing accessibility-related workflow methods during an accommodation delay.

35. Plaintiff further alleges that she was criticized and reprimanded by team leadership regarding reduced email response time and productivity issues being caused by the disruption of access to existing accessibility tools.

36. Plaintiff further alleges that during the period in which her previously relied-upon accessibility-related computer functions had been disrupted or restricted, she experienced significant aggravation of her medical limitations, including increased physical pain and visible discoloration affecting her hand while attempting to maintain expected productivity levels, and that she reported this to management.

37. Plaintiff further alleges that email response times from this period of disruption were later presented out of context by team leadership when reporting her for performance-related concerns to management.

38. Plaintiff alleges that after the requested accommodation was eventually provided, she informed team leadership and management that an adjustment period would be necessary while adapting to the new keyboard and converting existing workflow methods to function efficiently with the new equipment, and that this would result in temporary reduced work speed.

39. Plaintiff met with Human Resources regarding disability-related issues and accommodations on October 28 2024.

40. Plaintiff alleges that she reasonably believed accommodation issues had been resolved following those discussions.

41. Plaintiff alleges that conflict and scrutiny by team leadership involving her workflow supports and job performance nevertheless continued.

42. On or about November 15, 2024, Plaintiff alleges a workplace confrontation occurred involving departmental leadership and continued scrutiny of her workflow methods and support tools.

43. Plaintiff requested Human Resources involvement regarding those issues.

44. Plaintiff alleges that after requesting Human Resources involvement during the November 15, 2024 conflict, she received no direct Human Resources follow-up or intervention prior to termination.

45. On November 20, 2024, Defendant terminated Plaintiff's employment.

46. Defendant asserted performance-related reasons for the termination, specifically referencing queue times and email response times.

47. Plaintiff alleges that Defendant quoted performance metrics and concerns relating to queue time, schedule variances, response times, and productivity that overlapped with her temporary adjustment period after the requested keyboard accommodation was finally provided when evaluating Plaintiff's employment performance, without meaningfully accounting for the temporary impact of transitioning to the new equipment.

48. Plaintiff further alleges that management was also aware she utilized otherwise permitted break periods to address disclosed medical needs, while many coworkers commonly worked through those same break periods, and that Defendant failed to adequately account for that context by comparing her queue-related metrics against those of other employees instead of evaluating her performance against the actual requirements and expectations of the role.

49. Plaintiff further alleges that during the termination process, she informed management that she had at her desk printed records, communications, contextual documentation relating to the performance concerns, and an ongoing pattern of team leadership mispresenting her work performance that she had been getting prepared to submit to Human Resources. She requested an opportunity to retrieve and present those materials to them, but she was not permitted to do so and was escorted from the premises.

50. Plaintiff alleges that the Defendant failed to meaningfully evaluate her explanations, offered evidence, disability-related limitations, and the ongoing conflict and retaliatory dynamics involving departmental leadership before proceeding with termination.

## VI. COUNT I – FAILURE TO ACCOMMODATE UNDER THE ADA

51. Plaintiff realleges and incorporates by reference all prior paragraphs.

52. Plaintiff had one or more disabilities within the meaning of the ADA, or was regarded as disabled.

53. Defendant was aware of Plaintiff's disability-related limitations.

54. Plaintiff requested reasonable accommodation.

55. Plaintiff alleges Defendant unreasonably delayed accommodation and disrupted existing accessibility-related workflow supports during the delay period.

56. Plaintiff alleges Defendant failed to reasonably accommodate her disability.

57. As a direct and proximate result, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, humiliation, stress, and other compensable harm.

## VII. COUNT II – DISABILITY DISCRIMINATION UNDER THE ADA

58. Plaintiff realleges and incorporates by reference all prior paragraphs.

59. Plaintiff was qualified to perform the essential functions of the position with reasonable accommodation.

60. Plaintiff alleges that disability-related limitations, an accommodation delay paired with a disruption to her existing accessibility-related computer functions, a temporary adjustment period following implementation of the requested accommodation, and heightened scrutiny surrounding her accessibility-related workflow methods materially influenced the adverse treatment and termination decision.

61. Plaintiff alleges similarly situated employees without disability-related limitations were not subjected to the same level of scrutiny regarding workflow methods, productivity metrics, or accessibility-related computer usage.

62. Plaintiff alleges that Defendant failed to appropriately account for disability-related limitations, a temporary adjustment period following the eventual implementation of the requested keyboard accommodation, and retaliatory workplace dynamics when evaluating her performance and ultimately terminating her employment, in violation of the ADA.

63. As a direct and proximate result, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, humiliation, stress, and other compensable harm.

## VIII. COUNT III – RETALIATION

64. Plaintiff realleges and incorporates by reference all prior paragraphs.

65. Plaintiff engaged in protected activity by requesting accommodation, discussing disability-related limitations, and raising concerns regarding workplace conduct and treatment involving team leadership.

66. Plaintiff alleges that after engaging in protected activity, Plaintiff was subjected to increased scrutiny and adverse treatment by team leadership, and that Defendant failed to adequately intervene, investigate her concerns, or review evidence offered by her.

67. Plaintiff alleges there is a causal connection between her protected activity, the escalation of scrutiny and conflict involving team leadership, and the termination decision ultimately approved and carried out by Defendant.

68. Plaintiff alleges that retaliatory workplace dynamics and her protected activity materially influenced the termination decision ultimately approved and carried out by Defendant, in violation of the ADA.

69. As a direct and proximate result, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, humiliation, stress, and other compensable harm.

## IX. DAMAGES

70. As a result of Defendant's conduct, Plaintiff has suffered damages including:

a. Lost wages and benefits;

b. Emotional distress and mental anguish;

c. Reputational harm;

d. Other compensatory damages allowed by law;

e. Attorney's fees and costs if counsel is later retained and permitted by law; and

f. Any additional relief the Court deems just and proper.

## X. JURY DEMAND

71. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages as permitted by law;

C. Award costs and any allowable attorney's fees;

D. Grant such additional relief as the Court deems just and proper.

Respectfully submitted,

Brandy L. Simonds

329 S Walter Ave

Appleton, WI 54915

Phone: 937-381-7776

Email: brandylynn.simonds@gmail.com

Plaintiff, Pro Se