# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDY L. SIMONDS,

        **Plaintiff,**

    **v.**            **Case No. 26-CV-896**

COMMUNITY FIRST CREDIT UNION,

        **Defendant.**

## ORDER ON THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Currently pending before the court is Brandy L. Simonds's Request to Proceed in District Court without Prepaying the Filing Fee.

### 1. Plaintiff's Ability to Pay the Filing Fee

Having reviewed Simond's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Simond's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

### 2. Screening – Applicable Law

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an

2

indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

### 3. Analysis

Simonds worked for Community First Credit Union from August 2021 until she was fired on November 20, 2024. Because of limitations regarding the use of one hand, she "relied on assistive workflow tools and accessibility-related computer functions to perform job duties efficiently and safely." (ECF No. 1, ¶ 3.) After she "raised concerns regarding the workplace behavior of a team lead," supervisors began restricting the accommodations and supports she had been afforded. (ECF No. 1, ¶ 6.) Managers also delayed providing her the one-handed keyboard that she requested. Once she received the keyboard, she told her managers she would need time to adjust. (ECF No. 1, ¶¶ 7, 38.)

Simonds alleges that the productivity and performance problems that formed the basis for her termination were a result of "disruption of access to existing accessibility tools" and the time needed to adjust to the one-handed keyboard.

Applying the standard set forth in 28 U.S.C. § 1915(e)(2) to these allegations, Simonds complaint is sufficient to proceed beyond this preliminary stage. The allegations may plausibly support a claim under the Americans with Disabilities Act. Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

5

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 8th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge